# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                  No. 21-cv-0071 SMV/KRS

$426,590.00 in UNITED STATES CURRENCY,

    Defendants-in-rem,

and

MAYKEEL S. GEORGES,

    Claimant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Claimant's Motion for Summary Judgment on Issue of Standing to Make Claim [Doc. 24], filed on July 22, 2021. Plaintiff responded on August 5, 2021. [Doc. 27]. Claimant replied on August 19, 2021. [Doc. 28]. Having considered the parties' submissions, the record, the relevant law, and being otherwise fully advised in the premises, the Court will deny the Motion without prejudice.

## BACKGROUND

Plaintiff seized defendant currency on May 18, 2020, and filed its Verified Complaint for Forfeiture *in Rem* [Doc. 1] in federal court on January 28, 2021. Claimant filed a verified claim of interest on March 26, 2021, declaring under penalty of perjury that he has an ownership interest in the defendant currency. [Doc. 5] at 1. On April 13, 2021, Plaintiff served Claimant with its first set of special interrogatories, *see* [Doc. 12], and Claimant responded on May 4, 2021, *see*

[Doc. 15]. On May 14, 2021, Plaintiff notified Claimant that his responses to the interrogatories were deficient. [Doc. 27-5]. On June 7, 2021,[1] Claimant supplemented his response to Plaintiff's interrogatories. *See* [Doc. 20]. On July 8, 2021, Plaintiff again notified Claimant that his responses to a specific interrogatory remained deficient and agreed that Claimant could have until July 22, 2021, to supplement his response. *See* [Docs. 27-13, 27-14]. Without supplementing his response, on July 22, 2021, Claimant filed the present Motion for Summary Judgment on Issue of Standing to Make Claim, requesting that the Court affirmatively find that Claimant has standing to challenge the forfeiture. *See* [Doc. 24]. This case is in the early stages of litigation, and a Rule 16 Scheduling Conference is set for October 5, 2021. [Doc. 26] at 2.

## LEGAL STANDARD

"As the party seeking to intervene in an in rem forfeiture action, a claimant bears the burden of establishing his own constitutional standing at all stages in the litigation."[2] *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273 (10th Cir. 2008). Supplemental Rule G establishes the procedures for forfeiture actions in rem arising from a federal statute and provides a way for the government to obtain discovery to determine whether a claimant has a valid claim to the defendant property. Fed. R. Civ. P. Supp. Rule G(1), (6). "The government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Fed. R. Civ.

---

[1] The parties had agreed that June 7, 2021, would be the deadline for Claimant to supplement his responses. *See* [Doc. 27-8] at 1, 3. They also agreed that Plaintiff would have until June 21, 2021, to file a motion to compel. *Id.* Plaintiff never filed a motion to compel, despite its dissatisfaction with Claimant's responses.

[2] The burden is different at each stage of the litigation. "At the pleading stage, a claimant satisfies this burden by alleging a sufficient interest in the seized property, such as an ownership interest, some type of lawful possessory interest, or a security interest." *$148,840.00 in U.S. Currency*, 521 F.3d at 1273. "In contrast, at the summary judgment stage, a claimant must prove by a preponderance of the evidence that he has a facially colorable interest in the defendant property such that he would be injured if the property were forfeited to the United States; otherwise, no case or controversy exists capable of federal court adjudication." *Id.*

P. G(6)(a). The advisory committee notes explain that Rule G(6) allows "the government to file limited interrogatories at any time after a claim is filed to gather information that bears on the claimant's standing." 2006 Advisory Committee Notes to Fed. R. Civ. P. Supplemental Rule G(6)(a). "It is always open to a party to contest standing by proving facts that contradict his opponent's allegations of standing." *United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 652 (7th Cir. 2013); *see also $148,840.00 in U.S. Currency*, 521 F.3d at 1278 ("Neither does [claimant's] standing at this point in the proceedings mean the district court may not revisit the issue at later stages in the litigation.").

## DISCUSSION

In this case, Claimant seeks an affirmative ruling from the Court on the issue of standing. The Court agrees with Plaintiff and finds that Claimant's request is premature. As the plain language of the Rule and the cases illustrate, Rule G contemplates that Plaintiff may serve special interrogatories on Claimant as to the issue of standing throughout discovery. *See* Fed. R. Civ. P. Supp. Rule G(6). Not one case cited by either party supports Claimant's position that the Court should make an affirmative, summary judgment ruling on the issue of standing prior to the close of discovery. Thus, Claimant's request for a ruling on the issue of standing, prior to the close of discovery, will be denied. If Claimant wishes to contest specific special interrogatories, he may file a motion for a protective order and ask the Court to address his issues with the interrogatories. *See United States v. $215,587.22 in U.S. Currency*, 282 F. Supp. 3d 109, 112–14 (D.D.C. 2017) (citing Fed. R. Civ. P. 26(c) and granting motion for protective order where interrogatories were overly broad and burdensome).

## CONCLUSION

As explained above, the Court agrees with Plaintiff. Claimant's Motion is a premature attempt to foreclose the issue of standing, which is contrary to the design of the Supplemental Rules governing civil forfeiture actions.

**IT IS THEREFORE ORDERED** that Claimant's Motion for Summary Judgment on Issue of Standing to Make Claim [Doc. 24], is **DENIED** without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**